## NATIONAL LABOR RELATIONS BOARD v. WHITING–MEAD CO.

### No. 10788.

Circuit Court of Appeals, Ninth Circuit.

March 28, 1945.

Alvin J. Rockwell, Gen. Counsel, National Labor Relations Board, Malcolm F. Halliday, Associate Gen. Counsel, and Joseph B. Robison, Armin Uhler, Attys., National Labor Relations Board, all of Washington, D. C., and John Jennings, Regional Atty., National Labor Relations Board, of San Francisco, Cal., for petitioner.

Cecil W. Collins, of Los Angeles, Cal., for respondent.

Before DENMAN, HEALY, and BONE, Circuit Judges.

PER CURIAM.

There is sufficient evidence in the record to support the National Labor Relations Board's findings that respondent has violated the provisions of Sections 8(1), 8 (2), 8(3) and 8(5) of the National Labor Relations Act, Act of July 5, 1935, c. 372, 49 Stat. 449, 29 U.S.C. Supp. V, Sec. 151 et seq., 29 U.S.C.A. § 151 et seq.

There is evidence of certain offers by respondent to reinstate one or more of the five employees for which reinstatement and payments of lost compensation are provided in the order of which the Board seeks our enforcement. We therefore (1) order paragraph (c) of section 2 of the Board's order modified to read (c) Offer to James W. Cowan, W. R. Greenwood, C. P. Swanson, August Scheiffele, Jr., and Helen Woods immediate and full reinstatement to their former or substantially equivalent positions without prejudice to their seniority and other rights and privileges, except as to any such persons to whom such an offer heretofore may have been made; (2) order paragraph (d) of section 2 of the Board's order modified to read (d) Make whole said James W. Cowan, W. R. Greenwood, C. P. Swanson, August Scheiffele, Jr., and Helen Woods for any loss of pay they may have suffered by reason of the respondent's discrimination against them by payment to each of them of a sum of money equal to that which he normally would have earned as wages from the date of his discharge by respondent to the date of such an offer, if any, of reinstatement, as provided in paragraph 2(c),

supra, less his net earnings during such period; and as to any such discharged employee to whom no such offer of reinstatement has been made, then to the date hereafter of the offer of reinstatement provided in paragraph 2(c), less his net earnings during such period.

As so modified the order of the Board is enforced.